SEABOARD OIL CO. OF DELAWARE v. BOWLES, Price Administrator.

GENERAL PETROLEUM CORPORATION OF CALIFORNIA v. SAME.

KETTLEMAN NORTH DOME ASS'N v. SAME.

Nos. 195–197.

United States Emergency Court of Appeals.

Heard at Los Angeles April 11, 1945.

Filed June ·7, 1945.

Before MARIS, Chief Judge, and MA-GRUDER and McALLISTER, Judges.

J. L. Goddard and George W. Nilsson, both of Los Angeles, Cal., for complainants.

David Cavers, Asst. Gen. Counsel of Washington, D. C. (Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Jacob D. Hyman, Chief, Court Review Price Branch, and Lester N. Salwin, Atty., all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

MARIS, Chief Judge.

The complainants are producers in California of dry gas which they sell to public utilities or to pipe line operators and other transmission facilities supplying public utilities for ultimate resale by the latter to the public as fuel. The dry gas which they produce is a residual product of the processing of natural gas at natural gasoline plants. The complainants sold dry gas under the provisions of long term sales contracts which contained escalator clauses making the base price of the gas adjustable in accordance with fluctuations in the posted price of fuel oil at various points. The contracts also provided for top price limits above which the escalator clauses should not operate.

The complainants are subject to Revised Maximum Price Regulation 436 [1] in their sales of dry gas. Section 15 of RMPR 436.

---

[1] 9 F.R. 6024, 7765, 11904.

fixes the maximum prices of dry gas. Subsection (a) of Section 15 provides in part as follows: "Where a contract for the sale of dry gas was in effect on May 1, 1942, the seller's maximum price to the same purchaser for deliveries of dry gas produced from the same source or sources as the dry gas covered by the contract shall not exceed the price that could be charged for such deliveries under the terms of the contract that was in effect on May 1, 1942: *Provided, however, (1) That where under the terms of any contract in effect on May 1, 1942, between a seller and a purchaser, the price for dry gas was adjustable to the price of fuel oil, the seller's maximum price to such purchaser shall be computed by regarding the maximum price of fuel oil on May 1, 1942 as the price of such fuel oil * * *.*" (Emphasis supplied.)

The language of the proviso of Section 15(a) which we have italicized was originally added by Amendment 88 [2] to Revised Price Schedule 88 on April 1, 1943. Revised Price Schedule 88 was superseded on August 13, 1943 by Maximum Price Regulation 436,[3] and on June 2, 1944 by Revised Maximum Price Regulation 436.

The occasion for the original insertion of the proviso was the increase in maximum fuel oil prices for the California area which was put into effect on March 26th by Amendment 87 [4] to Revised Price Schedule 88. Prior to that date the prices of both dry gas and fuel oil had been frozen for a considerable period of time. The need to stimulate production in order to relieve a critical shortage brought about the increase in the maximum price of fuel oil.[5] Under the complainants' escalator clauses the increase in the price of fuel oil thus permitted would have automatically resulted in an increase in the price of dry gas. Deeming such an increase unwarranted the Administrator on April 1, 1943 issued Amendment 88 to Revised Price Schedule 88 which inserted the proviso now appearing in Section 15(a) of RMPR 436, above quoted. The sole effect of Amendment 88 was to prevent an increase in the maximum price of dry gas by virtue of the escalator clauses of the complainants' contracts.

On October 23, 1944, the complainants filed protests against Proviso No. 1 of Section 15(a) of RMPR 436. On December 7, 1944 the Administrator consolidated and denied the protests. Thereafter the complainants each filed complaints in this court which we consolidated for hearing and decision. The controversy having become moot as to one of the complainants, Seaboard Oil Company of Delaware, its complaint will be dismissed with its consent. The controversy continues as to the other two complainants, however, and we, therefore, proceed to its consideration.

■ The complainants assert that Amendment 88 to Revised Price Schedule 88 and Section 15(a) of RMPR 436 in which the provisions of the Amendment are now embodied are invalid for a number of reasons. They contend that the Administrator has no power to impose a ceiling price on dry gas because the price of such gas has not risen or threatened to rise to an extent inconsistent with the purposes of the Act; that the amendment destroyed the fundamental and established business practice in their industry of selling dry gas at a price continuously adjusted to the price of fuel oil; and that in superseding the escalator clauses of their contracts the amendment was unreasonable, arbitrary and capricious and served no purpose except to benefit the utilities which purchase the dry gas from them.

All of the foregoing contentions were advanced in Philadelphia Coke Co. v. Bowles, Em.App.1943, 139 F.2d 349, a case in this court in which the facts were strikingly similar to those of the present cases. In our opinion in the Philadelphia Coke Company case these contentions were considered at length and decided against the position taken by the complainants. Since we adhere to the views expressed in that case no useful purpose would be served by elaborating them here. It is sufficient to say that upon the authority of Philadelphia Coke Co. v. Bowles, supra, these contentions of the complainants must be held to be without merit.

■ Certain other contentions are made, however, which do require discussion. One of these is that the effect of the amendment is to discriminate between complainants and other producers of dry gas in California. The complainants point to orders issued under RMPR 436 approv-

---

[2] 8 F.R. 4252.

[3] 8 F.R. 11369.

[4] 8 F.R. 3841.

[5] See statement of considerations accompanying Amendment 87 to Revised Price Schedule 88, OPA Service, Volume 5, Page 36: 342-F.

664

ing sales contracts by certain other companies at prices as high as those which complainants would have obtained under their escalator clauses. These orders, however, were issued under Section 8(c) of the regulation which provides for adjustment of maximum prices for particular sellers in order to relieve a shortage of gas in a particular area. We do not think that individual price increases necessary to relieve shortages in production may be relied upon to establish discrimination in the industry generally.

One of the purposes of the Act, 50 U.S. C.A.Appendix § 901, is "to assist in securing adequate production of commodities." In order to effectuate this purpose it is necessary for the Administrator from time to time to authorize for particular sellers or groups of sellers increases in the maximum prices of commodities subject to shortage. It would, however, defeat the major purpose of the Act to stabilize prices if such a necessary individual price increase could be made the basis for an industry wide price increase in an industry in which the existing prices were generally fair and equitable. If the industry price ceiling was not generally fair and equitable a general industry wide price increase would doubtless be necessary to the validity of the regulation. But here complainants make no contention that the existing maximum prices of dry gas are unfair and inequitable to their industry generally or that they operate to prevent the industry from realizing its normal pre-war rate of profit.

The complainants contend that Amendment 88 was invalid because the Administrator did not advise or consult with any members of the industry with respect to it before it was issued. We see no merit in this contention. The Act requires such consultation only to the extent that the Administrator finds it to be practicable and vests in him a reasonable discretion in this respect. Great Northern Co-Op. Ass'n v. Bowles, Em.App.1944, 146 F.2d 269. We find no abuse of discretion here. In leaving to the sound discretion of the Administrator the practicability of consultation with the industry prior to the issuance of a regulation the Act does not violate the Fifth Amendment. Due process of law has been accorded to the complainants by the protest procedure before the Administrator and the judicial review given by this court. Yakus v. United States, 1944, 321 U.S. 414, 64 S. Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 1944, 321 U.S. 503, 64 S.Ct. 641, 88 L. Ed. 892.

The remaining contentions of the complainants have been considered but are so wholly lacking in merit as to require no discussion.

Judgments will be entered dismissing the complaints.